Date signed January 27, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ADAM SAFIR | : | Case No. 08-23396PM |
| THERESA NIELSON | : | Chapter 11 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| ADAM SAFIR | : | |
| THERESA NIELSON | : | |
| Movants | : | |
| vs. | : | |
| | : | |
| ONEWEST BANK, FSB | : | |
| f/k/a FDIC as conservator for | : | |
| Indymac Federal Bank, FSB | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF OPINION**

In their bankruptcy case filed under Chapter 11, Debtors filed this motion to value rental property located at 2941 Wilton Avenue, Silver Spring, Maryland. The Motion seeks to value the collateral and determine the secured status of a lien securing a claim in the amount of $584,219.70. 11 U.S.C. § 506(a)(1). Movants urge that the fair market value of the subject real estate is $490,000.00. The motion is opposed by the holder of the note secured by the lien. The Respondent's opposition points out that it filed a motion for relief from stay with respect to the subject property, resulting in the entry of a consent order modifying the stay that provided for the cure of post filing deficiencies and the maintenance of current payments. Debtors failed to

adhere to the terms of the consent order and, after the Respondent filed a Notice of Default and sought to proceed with foreclosure, Debtors filed this motion.

Based on the state of record the court finds the value of the property to be $550,000.00, as reflected on Debtors' Schedule A filed October 15, 2008, and their Amended Schedule A filed December 16, 2008. "Filing the schedule in a proceeding in bankruptcy is an ex parte act on the part of the bankrupt, and in that proceeding is a solemn admission which, unless corrected, binds him." *Sovran Bank, N.A. v. Anderson*, 743 F.2d 223, 225 n.1 (CA4 1984) (quoting *Horner v. Hamner*, 249 F. 134, 137 (CA4 1918)). *See also Norritech v. Geonex Corp.*, 204 B.R. 684, 688 (D. Md. 1997). Under the circumstances, the court anticipates that Debtors will once again amend Schedule A, as well as Schedule D, to reflect the value asserted in the Motion. Inasmuch as the real property in issue is not Debtors' principal residence, pursuant to 11 U.S.C. § 1123(b)(5), the Respondent's claim is subject to modification by a confirmed plan of reorganization.

In deciding this matter, the court must consider the provisions of § 1111(b) of the Bankruptcy Code, that provides:

> **11 U.S.C. § 1111.  Claims and interests**
>
> (b)(1)(A) A claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse, unless
> > (i) the class of which such claim is a part elects, by at least two-thirds in amount and more than half in number of allowed claims of such class, application of paragraph (2) of this subsection; or
> > (ii) such holder does not have such recourse and such property is sold under section 363 of this title or is to be sold under the plan.
> (B) A class of claims may not elect application of paragraph (2) of this subsection if--
> > (i) the interest on account of such claims of the holders of such claims in such property is of inconsequential value; or
> > (ii) the holder of a claim of such class has recourse against the debtor on account of such claim and such property is sold under section 363 of this title or is to be sold under the plan.
> (2) If such an election is made, then notwithstanding section 506(a) of this title, such claim is a secured claim to the extent that such claim is allowed.

Under this section, an undersecured creditor whose claim against the debtor was originally a recourse claim may not elect to have the claim treated as fully secured under the 1111(b) election

option if the collateral is to be sold under 11 U.S.C. § 363 or pursuant to a plan.  This is because a plan proposing the sale of an allegedly unsecured creditor's collateral free and clear of liens could not be confirmed without affording a credit bid opportunity to the unsecured creditor.  *See In re Submicron Sys. Corp.,* 432 F.3d 448, 459-460 (CA3 2006); *In re Kent Terminal Corp.*, 166 B.R. 555, 566-67 (BC S.D.N.Y. 1994); *In re Waterways Barge P'ship*, 104 B.R. 776, 782 (BC N.D. Miss. 1989).  An attempt to sell the property other than pursuant to a plan of reorganization likewise allows a credit bid by the secured creditor**.** 11 U.S.C. § 363(k)

Prior to the enactment of this section, "debtors who 'cashed out' undersecured nonrecourse creditors would thereby sever those creditors' interests in the assets."  Paul L. Gaughen, Annotation, *Election, Under § 1111(b) of Bankruptcy Code of 1978 (11 U.S.C.A. § 1111(b)), of Treatment of Undersecured Claim*, 142 A.L.R. FED. 573 (1997).  It has been observed that, notwithstanding the fact that "[t]he entire bankruptcy process depends on accepting valuations that often are little more than educated guesses", Section 1111(b) was a response to this "plain and simple valuation problem" as it was presented in the case of *In re Pine Gate Assocs.*, 2 Bankr. Ct. Dec. (CRR) 1478 (BC N.D. Ga. 1976).  Theodore Eisenberg, *The Undersecured Creditor in Reorganizations and the Nature of Security*, 38 VAND. L. REV. 931, 943 (1985).  Section 1111(b)(2) operates to prevent mortgagors from reducing "their mortgage obligations during market contractions by filing Chapter 11 reorganization petitions, obtaining depressed valuations of their mortgaged property, giving mortgagees the cash equivalent of the secured portion of their claims, and treating the deficiency claims the same as the claims of other general unsecured creditors generally by giving them a small *pro rata* percentage distribution."  *Matter of 183 Lorraine Street Assocs.*, 198 B.R. 16, 27 (BC E.D.N.Y. 1996).  *See also In re 680 Fifth Ave. Assocs.*, 29 F.3d 95, 97 (CA2 1994).

In conclusion, assuming that Debtors amend their Schedules, and no contrary evidence is offered by the Respondent, the value of the property would appear to be $490,000.00, as set forth in the appraisal accompanying the Motion. But the relief sought by this motion must be obtained within the Chapter 11 Plan process that affords the Respondent the protection discussed above. An appropriate order will be entered.

cc:
Debtors
Debtors' Counsel
One West Bank, FSB

All Creditors

**End of Memorandum**

Case 08-23396   Doc 147   Filed 01/27/10   Page 4 of 4